SLIP OPINION

Cite as 2014 Ark. 403

# SUPREME COURT OF ARKANSAS

No. CR-13-698

| | | |
|---|---|---|
| DANIEL KLOSKY, JR. | | **Opinion Delivered** October 2, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-09-1571] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLEE | CLAWSON, JR., JUDGE |
| | | AFFIRMED. |

**JIM HANNAH, Chief Justice**

Following a bench trial, the Faulkner County Circuit Court convicted appellant, Daniel Klosky, Jr., of thirty-eight counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, in violation of Arkansas Code Annotated section 5-27-602(a)(1) (Repl. 2006). He was sentenced to forty-eight months' imprisonment on each count, with all sentences to be served concurrently. Klosky filed a written motion to dismiss[1] at the close of all the evidence, and the State filed a written response to the motion. In a letter order filed January 15, 2013, the circuit court found Klosky guilty on all counts. Klosky originally appealed that order to the Arkansas Court of Appeals, which recommended certification to this court because the case involved an issue

---

[1]Although Klosky styled his motion as one for directed verdict, in a bench trial, a challenge to the sufficiency of the evidence is a motion for dismissal. *See* Ark. R. Crim. P. 33.1(b) (2014). Therefore, we will refer to Klosky's motion as a motion to dismiss.

SLIP OPINION

of first impression and a significant issue requiring development of the law. This court accepted certification, and our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1-2(b)(1), (5) (2014). We affirm.

Klosky's sole argument on appeal is that the circuit court erred in denying his motion to dismiss because the State failed to prove thirty-eight counts of knowing receipt of child pornography for the purpose of distribution. Specifically, he contends that

> [a] consideration of all the evidence in the case shows that this case of alleged knowing receipt of child pornography for the purpose of distribution, how it is charged, does not rise above speculation and conjecture that defendant knew that he had this child pornography on his computer on or about December 21, 2009 for the purpose of redistribution. . . . The defendant is charged with having files for redistribution to others. All we have, however, is the [Faulkner County Sheriff's Office] going into his computer and taking them. We have utterly no idea that the files were there for redistribution to others.

Klosky's challenge to the sufficiency of the evidence is premised on a misunderstanding of the statute. Arkansas Code Annotated section 5-27-602(a)(1) states that

> [a] person commits the offense of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child if the person *knowingly*:
>
> > *Receives for the purpose of selling* or *knowingly* sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, *distributes*, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

(Emphasis added.) *See also* AMI Crim. 2d 2701.[2]

---

[2]Arkansas Model Jury Instruction–Criminal 2d 2701 states in relevant part:

DISTRIBUTING, POSSESSING, OR VIEWING MATTER DEPICTING SEXUALLY EXPLICIT CONDUCT INVOLVING A CHILD

A review of the plain language of the statute reveals that "knowing receipt for the purpose of distribution" is not among the elements that the State must prove to sustain a charge of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. Accordingly, we affirm the circuit court's denial of Klosky's motion to dismiss.

Affirmed.

BAKER, GOODSON, and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** I respectfully dissent. The majority makes a fundamental error when it summarily affirms this case based on its conclusion that Klosky's challenge to the sufficiency of the evidence is premised on a "misunderstanding" of

---

_____(*Defendant*) **is charged with the offense of** (distributing) (possessing) (or) (viewing) **matter depicting sexually explicit conduct involving a child**.

**To sustain this charge, the state must prove the following things beyond a reasonable doubt:**

**First, that** _____(*Defendant*)

[(received for the purpose of selling) (sold) (procured) (manufactured) (gave) (provided) (lent) (traded) (mailed) (delivered) (transferred) (published) (distributed) (circulated) (disseminated) (presented) (exhibited) (advertised) (offered) (or) (agreed to offer) **through** (any means) (the Internet) a (photograph) (film) (videotape) (computer program or file) (video game) (or) (any other reproduction or reconstruction) **which depicts a child or incorporates the image of a child engaging in sexually explicit conduct.**
. . . .

**Second, that** _____(*Defendant*) **did so knowingly.**

3

Arkansas Code Annotated section 5-27-602(a)(1). The majority selectively reads Klosky's brief to create a procedural bar that simply does not exist. To accomplish this, the majority focuses on a few sentences out of Klosky's eight-page argument, ignoring the numerous sub-points that disprove their holding that Klosky did not discuss the failure of proof in relation to statutory elements.

Klosky's argument focused on whether the State proved that he possessed the knowing mens rea for the proscribed conduct listed in section 5-27-602(a)(1), i.e., "sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer," which he summarizes as "redistribution." Klosky argues that the State failed to prove that he knowingly offered the images to others because it did not prove that he "knew" the images were on his computer. He bolsters this argument with the assertion that there was no evidence to show he overtly offered the images to others, as would be the case if he offered them to police in some sort of sting operation, and nothing in his browser history to establish that anyone else sought the images. Likewise, he argues that the State failed to show that he "manipulated" the images, or even opened the files.

Further, he argues that finding cache files or images in unallocated space "cannot be considered 'knowingly possessed.'" Because cache files are created without the computer owner's action or knowledge. Additionally, Klosky argues that images found in unallocated space cannot satisfy the "knowing" mens rea because they have been deleted and cannot be accessed by other LimeWire subscribers. All of these subpoints were preserved in the circuit

court by the ten-page motion to dismiss that Klosky filed.

Finally, the majority does not explain why it found it sufficient to cite as its only authority a jury instruction—Klosky was tried in a bench trial.  I would decide this case on the merits.

BAKER and GOODSON, JJ., join.

*John Wesley Hall, Jr.*, and *Sarah M. Pourhosseini*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.